# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JERRY LEE CLARK, SR., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV418-105 |
| | ) | |
| SHERRIF JOHN T. WILCHER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* prisoner Jerry Lee Clark has returned to this Court seeking redress for his allegedly improper arrest and detention. *See* doc. 1. He made similar allegations in both a habeas petition and suit pursuant to 42 U.S.C. § 1983. *Compare id.*, *with Clark v. Unknown*, CV417-171, doc. 1 (S.D. Ga. Sept. 1, 2017), *and Clark v. Wilcher*, CV417-161, doc. 1 (S.D. Ga. Aug. 31, 2017). He again seems to seek both habeas[1] and monetary relief. *See* doc. 1 at 6 (seeking both dismissal of the state criminal charges he currently faces and compensation of "$1,000.00 per

---

[1] The Court severed Clark's habeas claims from the claims for monetary relief. *See Clark v. Wilcher, et al.*, CV418-093, doc. 4 at 2 n. 1 (S.D. Ga. May 4, 2018).

month that I have been incarcerated from Oct. 11, 2015 up until April 11, 2018."). He also seeks to pursue this case *in forma pauperis*. Doc. 2.

Clark's Complaint asserts claims that appear to implicate 42 U.S.C. § 1983. *See* doc. 1 at 5 (referring to "malicious prosecution, falsh [sic] imprisonment, and abuse of legal process," and seeking monetary damages for each day of his incarceration). Before the Court can consider the merits of his claims, it requires additional information concerning his entitlement to proceed *in forma pauperis* (IFP).

Clark's IFP application discloses that he receives $753.00 per month in Social Security Disability benefits, and an undisclosed amount in "rent payments, interest, or dividends." Doc. 2 at 1-2. He states that he has cash or a financial account, but omits the amount. *Id*. at 2. He also discloses $50,000 in "real estate, stocks, bonds, notes, automobiles, or other valuable property." *Id*. He omits any information on the balance in and deposits to his prison trust account. *Id.*

Wary of such indigency claims and cognizant of how easily one may consume a public resource with no financial skin in the game,[2] this Court

---

[2] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy

demands supplemental information from dubious IFP movants. *See, e.g.*, *Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346-48 (S.D. Ga. 2013); *Robbins v. Universal Music Group*, 2013 WL 1146865 at * 1 (S.D. Ga. Mar. 19, 2013).[3]

Given the totality of the circumstances, it will do likewise here.[4] Therefore, within 21 days from the date this Order is filed, Clark shall disclose to the Court the following information:

---

appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), cited in *In re Zow*, 2013 WL 1405533, at *2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Serv.*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee).

[3]   *See also Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying IFP status to Social Security benefits claimant seeking judicial review of Commissioner's benefits denial; claimant, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or otherwise provide court with requisite financial information); *Mullins v. Barnhart*, 2010 WL 1643581 at * 1 (D. Kan. Mar, 30, 2010) (denying, after scrutinizing IFP affidavit's financial data, leave to proceed IFP on financial ability grounds).

[4]   Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). And second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of

(1) The amount of cash or money in any checking, savings, or other financial account;

(2) The nature of the $50,000 in property he owns (*i.e.*, whether that property is in the form of negotiable securities (stocks, bonds, etc.) or real property (land, a house, condominium, etc.);

(3). The amount(s) he receives per month in rent, interest, or dividends, and the source(s) of those amounts (*i.e.*, if the source is interest, describe the account (checking, savings, etc.) paying the interest; if the source is rent, state the location of the property generating those rent payments; etc.);

(4) The present balance in his prison trust account; and

(5) The total deposits to his prison trust account in the last six months.

Answering these points will better illuminate Clark's true financial condition. In that regard, he must declare the facts he pleads to be true under penalty of perjury. If he does not use a preprinted IFP form to respond (hence, if he uses a blank sheet of paper), he must insert this above his signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

---

discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary).

Executed on (date)." 28 U.S.C. § 1746(1). The Clerk is **DIRECTED** to serve with this Order a blank IFP form for Clarks's convenience. Failure to comply with this directive will result in a recommendation of dismissal. *See Kareem v. Home Source Rental*, 2014 WL 24347 at \* 1 (S.D. Ga. Jan. 2, 2014).

**SO ORDERED**, this 7th day of May, 2018.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA